IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARVIN D. MONK, # 14303-033,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-1318-JPG |
| | ) | |
| **MICHELLE DAWN,** | ) | |
| **ERIC EDMISTER,** | ) | |
| **S. BYRUM,** | ) | |
| **C. WOMACK,** | ) | |
| **MURPHY,** | ) | |
| **L. BASLER,** | ) | |
| **MAUREEN BAIRD,** | ) | |
| **WARDEN B. TRUE,** | ) | |
| **SARA M. REVELL,** | ) | |
| **DEATON, and** | ) | |
| **THOMPSON,** | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the United States Penitentiary at Marion ("Marion"), brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff is serving a 240-month sentence for Enticement of a Person Under the Age of 18 to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2422(b)[1] and Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). *See Monk v. United States of America*, Case

---

[1] 18 U.S.C. § 2422(b) states: "Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life."

No. 12-cr-120 (W.D. Ken., Doc. 103) (government's response to motion pursuant to 28 U.S.C. § 2255).[2] The conduct giving rise to the indictment included enticing a minor (Plaintiff's stepdaughter) to engage in sexual activity and producing visual depictions of sexually explicit conduct with that minor. *See Monk v. United States of America*, Case No. 12-cr-120 (W.D. Ken., Docs. 1 and 103). A search warrant on Plaintiff's iPhone revealed sexually explicit text messages between Plaintiff and the minor victim, including sexually explicit photos. *See Monk v. United States of America*, Case No. 12-cr-120 (W.D. Ken., Doc. 103). Additionally, the arresting agency recovered an 8mm video cassette that contained footage of Plaintiff and the minor victim engaging in sexual activity. *Id.*

After his arraignment, Plaintiff was remanded to the custody of the United States Marshal and ordered to have no direct or indirect contact with the victim. *Id.* Despite this clear directive, Plaintiff contacted the victim on multiple occasions. *Id.* He did so by writing letters to the victim,[3] prompting the United States to file a motion to restrict Plaintiff's outgoing mail. *See Monk v. United States of America*, Case No. 12-cr-120 (W.D. Ken., Docs. 28, 29, 30, and 103).

Plaintiff brings this action seeking an order to require the Federal Bureau of Prisons ("BOP") to allow him to use the prison's electronic public messaging service ("TRULINCS") and for monetary damages for denying him access to the same. Access to this method of correspondence with persons outside the prison is generally available to federal prisoners. However, on January 15, 2016, when Plaintiff arrived at Marion, Defendant Dawn (Marion's

---

[2] The Court has consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) for information regarding Plaintiff's conviction and sentence. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

[3] The letters were mailed to Plaintiff's daughter who then forwarded them to the victim. *See Monk v. United States of America*, Case No. 12-cr-120 (W.D. Ken., Docs. 28, 29, 30, and 103). The letters were filed under seal, but the government described the letters as follows: "[T]he content of the letters is quite troubling. Monk directs the victim to write him a letter in which she should take responsibility for the filming of their sex act. He also tells her what she should remember about the sexual encounter that was filmed. He also writes, "This info is for us only until the day that they ask in front of everyone." *Id.* at Doc. 28, p. 2.

Case Manager Coordinator) prohibited Plaintiff from using this system. (Doc. 1, pp. 4, 18). Use of the system was denied based on Plaintiff's "offense conduct and personal history." (Doc. 1, pp. 4, 18). Since then, Plaintiff has submitted several grievances seeking access to TRULINCS. (Doc. 1, pp. 4-19). All of Plaintiff's requests for permission to use TRULINCS have been denied, as have his administrative appeals of those denials. *Id.* Plaintiff asserts that the decision to deny him this privilege was "arbitrary and capricious," when other inmates with similar conduct are allowed to use electronic messaging. (Doc. 1, pp. 5-7). He protests the decision as discriminatory and a violation of his right to equal protection. *Id.* In addition, he claims that the officials who denied his grievances and related appeals violated his "First Amendment right to redress when they failed to take the appropriate action in response to [his] administrative remedy process," thereby denying Plaintiff "a meaningful review." (Doc. 1, p. 7).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. After fully considering the allegations in the Complaint, the Court concludes that Plaintiff has failed to state a cognizable claim for violation of his constitutional rights. Therefore, this action is subject to summary dismissal.

**A. Program Statement Number 4500.11**

According to the Complaint, restricting Plaintiff's access to the TRULINCS program was an arbitrary and abusive application of BOP Program Statement Number 4500.11,[4] which governs the Trust Fund Limited Inmate Computer System (TRULINCS) – Electronic

---
[4] Formerly Policy Statement Number. P5265.13.

Messaging.[5] This policy states, in pertinent part, "Use of the TRULINCS is a privilege; therefore, the Warden or an authorized representative may limit or deny the privilege of a particular inmate." PS 4500.11, § 14.2, p. 127. Section 14.9 governs "System Access," and provides that "[a]n inmate's exclusion from participation must be based on their individual history of behavior that could jeopardize the legitimate penological interests listed above [protecting the "safety, security, or orderly operation of the correctional facility, or the protection of the public or staff."]. Inmates must not be excluded from program participation based on general categorizations of previous conduct." PS 4500.11, § 14.9a, p. 131. Section 14.9a.(1) specifically addresses sex offenders, providing that "[i]nmates whose offense, conduct, or other personal history indicates a propensity to offend through the use of email or jeopardizes the safety, security, orderly operation of the correctional facility, or the protection of the public or staff, should be seriously considered for restriction." PS 4500.11, § 14.9a.(1). Inmates convicted of sex offenses are not categorically excluded from participation. As Defendant Deaton noted in resolving one of Plaintiff's grievances, Plaintiff's restricted access was based on his "offense conduct and personal history." (Doc. 1, p. 18). Further, "all cases are reviewed individually and are not compared to other inmates cases." *Id.*

Under this policy and guidelines, it appears that the denial of Plaintiff's request to participate in TRULINCS was not arbitrary or capricious, but was based on the above policy and on Plaintiff's own personal history of enticing his minor stepdaughter to engage in sexually explicit conduct; exchanging sexually explicit text messages with his minor daughter, including photographs of his penis and her genitals; producing child pornography depicting sexually explicit acts with his minor stepdaughter; and violating a no-contact order following his

---

[5] A link to this document can be found at the BOP Policy Locator web page:
https://www.bop.gov/PublicInfo/execute/policysearch?todo=query (last visited July 25, 2018). For brevity, the Court shall refer herein to this Policy Statement as PS 4500.11.

arraignment. The policy cited by Plaintiff gives officials discretion to restrict Plaintiff from using TRULINCS based on this offense conduct. More to the point, not every denial of a "privilege" (such as access to TRULINCS) amounts to a constitutional violation.

### B. Equal Protection

Plaintiff suggests that he has been denied equal protection because other inmates with "similar" offense conduct are permitted access to TRULINCS, and he purports to bring an equal protection claim as a "class of one." (Doc. 1, pp. 6-7).

An equal protection claim may be brought under a "class of one" theory, alleging that the plaintiff has been treated differently from others similarly situated, without a rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "Class-of-one discrimination is illustrated when a public official, with no conceivable basis for his action other than spite or some other improper motive ... comes down hard on a hapless private citizen." *Brunson v. Murray*, 843 F.3d 698, 705 (7th Cir. 2016) (internal quotations omitted) (quoting *Swanson v. City of Chetek*, 719 F.3d 780, 784 (7th Cir. 2013), and *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir. 2005)). A plaintiff may plead himself out of court if the complaint provides a rational basis for the treatment at issue. *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013).

In the instant case, the Complaint and attached exhibits refute Plaintiff's equal protection claim. Marion officials articulated a rational basis, consistent with the BOP's program statement and guidelines and based on Plaintiff's individual history of offense behavior, for denying Plaintiff access to TRULINCS. See *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (plaintiff alleging class-of-one equal protection claim must plead that he was "intentionally

treated differently from others similarly situated and that there is no rational basis for the difference in treatment.").

### C. First Amendment Right to Redress

Plaintiff claims that, in denying or mishandling his grievances, various officials violated his "First Amendment right to redress." (Doc. 1, p. 7). But, the fact that prison officials denied, or even mishandled, grievances, standing alone, states no claim. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause" of the Fourteenth Amendment. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citations omitted). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, standing alone, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100–01 (7th Cir. 1982).

### Disposition

**IT IS HEREBY ORDERED** that this case is **DISMISSED** for failure to state a claim upon which relief may be granted. Further, the Court finds that amendment would be futile, and therefore the dismissal is with prejudice. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (leave to amend need not be granted if it is clear that any amendment would be futile); *D.B. ex rel. Kurtis B. v. Kopp,* 725 F.3d 681, 686 (7th Cir. 2013) (plaintiffs pled themselves out of court where complaint revealed rational basis for allegedly discriminatory treatment). Because the Complaint failed to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was

incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court in accord with the deadlines set forth in Federal Rule of Civil Procedure 4(a)(1). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 26, 2018**

s/J. Phil Gilbert
**District Judge**
**United States District Court**
