# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MARVIN D. MONK, #14303-033 | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18−cv−1318-JPG |
| MICHELLE DAWN, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

The matter is before the Court on Plaintiff's Motion for Reconsideration. (Doc. 11). Plaintiff Marvin D. Monk, a prisoner in the custody of the Bureau of Prisons ("BOP"), formerly incarcerated at the United States Penitentiary at Marion ("Marion"), filed this action alleging violations of BOP Program Statement Number 4500.11 and his First and Fourteenth Amendment constitutional rights. (Doc. 1). The Complaint was dismissed for failure to state a claim and, noting that amendment would be futile, the dismissal was with prejudice. (Doc. 9). Judgment was entered and a strike under 28 U.S.C. § 1915(g) was assessed. (Doc. 10). For the following reasons, Plaintiff's motion is without merit and will be **DENIED**.

## Background

Plaintiff filed this action seeking an order to require the Federal Bureau of Prisons ("BOP") to allow him to use the prison's electronic public messaging service ("TRULINCS") and for monetary damages for denying him access. (Doc. 1). Plaintiff was denied use of the system based on his "offense conduct and personal history." (Doc. 1, pp. 4, 18). Plaintiff submitted several grievances seeking access to TRULINCS. (Doc. 1, pp 4-5, 10-19). His requests were denied, as well as his administrative appeals of those denials. *Id.*

1

In his Complaint, Plaintiff alleged the decision to deny him access to TRULINCS was discriminatory and a violation of his right to equal protection when similarly situated inmates were allowed access to TRULINCS. (Doc. 1, pp. 5-7). Additionally, he claimed that the prison officials who denied his grievances and related appeals violated his First Amendment right to redress. (Doc. 1, p. 7).

Following a merits review of the complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed Plaintiff's claims based on its findings that (1) Marion officials articulated a rational basis for denying Plaintiff access to TRULINCS; and (2) denial and/or mishandling of Plaintiff's grievances, standing alone, stated no claim. (Doc. 9).

## Discussion

Plaintiff seeks reconsideration of the Court's order dismissing his claims. (Doc. 11, p. 5). The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. However, the Seventh Circuit has approved of district courts construing motions pursuant to the standards set forth in FED.R.CIV.P. 59(e) or 60(b) if it appears that a party is requesting relief available under those Rules. *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Plaintiff brings his motion for reconsideration under Rule 59(e). Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

In his motion, Plaintiff alleges the Court "misapprehended" his Complaint, attempts to make distinctions where no discernible difference exists, and re-states facts set forth in his Complaint. Plaintiff contends there are manifest errors of fact and law because:

(1) He did not allege that prison officials had not provided a rational basis for denying him access to TRULINCS, he alleged there was no rational basis provided for the difference in treatment from others similarly situated. (Doc. 11, pp. 2-3).

(2) He did not allege prison officials were denying or mishandling his grievances, he alleged they were refusing to consider his complaint that he was denied access while similarly situated inmates were granted access. (Doc. 11, p. 4).

### *Class-of-One Equal Protection*

The "Equal Protection Clause has long been limited to instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers." *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir.1982). A prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner,* 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied,* 484 U.S. 935 (1987) (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir.1982)). The Equal Protection Clause "prohibits the singling out of a person for different treatment for no rational reason." *Swanson v. City of Chetek*, 719 F.3d 780, 783–84 (7th Cir. 2013) (*citing Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "To state a class-of-one equal protection claim, an individual must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id*.

As stated in the Court's order of dismissal, Marion officials articulated a rational basis, consistent with the BOP's program statement and guidelines and based on Plaintiff's individual

3

history, for denying Plaintiff access to TRULINCS. The Complaint and attached exhibits show that Plaintiff's request for TRULINCS access was denied based on "offense conduct and personal history" and "all cases are reviewed individually and are not compared to other inmate's cases." (Doc. 1, pp. 4, 18).

The fact that Marion officials did not provide Plaintiff with what he considered to be adequate penological reasons for his denial of access to TRULINCS and/or allowing other inmate access to TRULINCS does not suggest that no rational reason existed. His allegation that he did not use email in his offenses, while other inmates with TRULINCS access used email in their offenses, does not suggest that no rational reason existed or that Plaintiff was singled out and purposefully and intentionally discriminated against. And, Plaintiff's contention that he was seeking to have his TRULINCS privileges *restored* or that he had access while incarcerated at USP Tuscon for 21 months incident free does not change whether Marion officials articulated a rational basis for their decision or that Plaintiff was singled out and purposefully and intentionally discriminated against. Finally, the Complaint does no more than summarily allege that there are three inmates similarly situation that have access to TRULINCS. This does not suggest that there was no rational basis for the decision or that Plaintiff was singled out and purposefully and intentionally discriminated against.

On review of the Court's decision on Plaintiff's class-of-one equal protection claim, Plaintiff has not established a manifest error of fact or law or provided any other justification for the relief he seeks.

### *Grievance Issues*

Plaintiff takes issue with the Court's description of his First Amendment claim alleging constitutional violations in the grievance process. In its Order, the Court stated that denial or

mishandling of his grievances, standing alone, was not a constitutional violation. Plaintiff contends he alleged prison officials were refusing to consider his complaint that email access was granted to other offenders similarly situated by rejecting his grievances as repetitive. *Id.* He states previous grievances had not raised the issue of similarly-situated inmates receiving different treatment. *Id*. And, that because the grievances were unanswered and returned as repetitive, it was a refusal to address the differences in treatment issue. *Id*. As a result, he contends he was denied meaningful review.

The fact that prison officials denied, mishandled, *or refused to consider* grievances or claims raised by grievances, standing alone, states no claim. As previously stated, prison grievance procedures are not mandated by the First Amendment and do not, by their very existence, create protected interests. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citations omitted). And, the failure of state prison officials to follow their own procedures does not, standing alone, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100–01 (7th Cir. 1982).

On review of the Court's decision on Plaintiff's First Amendment claim, Plaintiff has not established a manifest error of fact or law or provided any other justification for the relief he seeks.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 11) is **DENIED**.

If Plaintiff wishes to appeal the dismissal, his notice of appeal must be filed with this Court within thirty days of the date of the Order denying his Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he

will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

**IT IS SO ORDERED.**
**DATED: March 4, 2019**

**s/J. Phil Gilbert**
**J. Phil Gilbert**
**United States District Judge**